# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO.: 3:16-CV-569-DCK

DAVIDA COURTNEY,

      Plaintiff,

v().

IKEA U.S. EAST, LLC, IKEA U.S. EAST, INC., IKEA PROPERTY INC., IKEA PROPERTIES, INC., IKEA HOLDING U.S. INC., IKEA U.S. WEST, INC.

      Defendants.

**CONSENT PROTECTIVE ORDER**

      Defendants have requested certain medical and psychiatric documents via discovery, which constitute confidential medical and protected health information protected by the HIPAA (Health Insurance Portability and Accountability Act), the right of privacy, the physician-patient privilege, patient-psychologist privilege, nurse-patient privilege, and 42 C.F.R. Part 2, and / or North Carolina common law.

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff and Defendants hereby agree and stipulate, through their respective counsel, to the entry of this Order for the protection of Plaintiff's medical and psychiatric records. The parties wish to ensure that the information contained therein shall not be disclosed to unauthorized persons, and shall not be used for any purpose other than this litigation.

      **IT IS HEREBY ORDERED**, therefore, that this Protective Order shall apply to all materials produced in response to Defendants' Request(s) for Production of Documents, or otherwise, and all materials previously provided to Defendants' agents, insurers, or

representatives as they relate to medical, psychiatric, and protected health information. The Court further ORDERS as follows:

1. Plaintiff's medical and psychiatric records and medical and psychiatric bills shall be deemed CONFIDENTIAL INFORMATION without the need to mark such documents. Such CONFIDENTIAL INFORMATION and information contained therein shall be disclosed ONLY for use in this action and for no other purpose.

2. To the extent the medical or psychiatric records may contain information protected by 42 C.F.R. Part 2, the court determines this Order meets the criteria of 42 C.F.R. 2.63 - 2.64.

3. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

 (a) The Court and its officers;

 (b) Counsel of record and employees of counsel of record;

 (c) Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

 (d) Court reporters or videographers engaged to record depositions, hearings or trials in this action;

 (e) Outside companies engaged by counsel for the parties to photocopy such documents;

 (f) Insurance adjusters, claims managers or other persons employed by any insurance company which provides coverage for the alleged acts or losses raised by the parties;

(g) Parties to this action and their employees.

4. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

(a) Any person described in subparagraphs 6(a), (b), (c), (d), (e), (f) and (g) of this Order is bound by the provisions of this Order without the necessity of executing a separate

confidentiality agreement;

(b) Prior to making disclosures to any person set forth in subparagraph 6(c) and (f) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any persons to whom the disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purpose of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order. A record of all persons to whom disclosures are made shall be kept in the possession, custody and control of counsel who made the disclosure. All CONFIDENTIAL INFORMATION and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable at the close of this case.

5. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in

connection with any proceeding in this action.

6. No CONFIDENTIAL INFORMATION shall be used for any purpose other than for relevant and proper conduct of this Litigation.

7. If any such CONFIDENTIAL INFORMATION is used in connection with a deposition or other discovery or documents filed with the court, the deposition transcript, filing or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

8. The inadvertent, unintentional or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

9. Within 60 days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the party's counsel, their staff, and all experts and/or consultants for the parties shall return all medical and psychiatric records containing such CONFIDENTIAL INFORMATION produced (including all Xeroxed copies of same) to the party producing said documents or shall destroy the same with a written certification by the party's counsel of record that all such documents and copies of the same have in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

10. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

11. Either party may at any time seek modification of this Protective Order by agreement, or failing agreement, by motion to the court.

**SO ORDERED**.

Signed: October 27, 2017

David C. Keesler
United States Magistrate Judge

**CONSENTED TO:**

This the 17th day of October, 2017.

                                          s/W. Michael Workman
                                          W. Michael Workman NC State Bar No. 23924
                                          Attorney for Plaintiff Workman Law Firm, PLLC
                                          521 East Blvd.
                                          Charlotte North Carolina 28203
                                          Phone: 704-714-6551
                                          Fax:    980-202-4628
                                          Email: mike@workmanlawfirm.com

                                          s/Susan L. Hofer
                                          Susan L. Hofer NC State Bar No. 29717
                                          Attorney for Defendants
                                          CRANFILL SUMNER & HARTZOG, LLP
                                          2907 Providence Road, Suite 200
                                          Charlotte North Carolina 28211
                                          Phone: 704-332-8300
                                          Fax:    704-332-9994
                                          Email: shofer@cshlaw.com

CERTIFICATE OF SERVICE

      I, W. Michael Workman, do hereby certify that on October 17, 2017, I electronically filed the foregoing Consent Protective Order, using the CM M/ECF system which will send notification of such filing to the following: Susan L. Hofer and Mica N. Worthy, Cranfill, Sumner & Hartzog, LLP, 2907 Providence Rd., Ste. 200, Charlotte, NC 28211, *Attorneys for Defendants IKEA U.S. East LLC, IKEA U.S. Property, Inc., IKEA Holding, U.S., Inc., and IKEA U.S. West, Inc.*

                                          s/W. Michael Workman
                                          W. Michael Workman NC State Bar No. 23924
                                          Attorney for Plaintiff Workman Law Firm, PLLC
                                          521 East Blvd.
                                          Charlotte North Carolina 28203
                                          Phone: 704-714-6551
                                    Fax:  980-202-4628
                                          Email: mike@workmanlawfirm.com